UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW JESSE HERNANDEZ, SR., Plaintiff, v. ROBERT ST'ANDRE, et al., Defendants. | No. 2:25-cv-1412 CSK P<br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff is granted an opportunity to elect to proceed against only certain defendants, or may elect to amend his complaint as discussed below.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

///

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II. THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d

930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

## III. PLAINTIFF'S COMPLAINT

Plaintiff's verified complaint alleges the following. On August 12, 2022, while plaintiff was housed at High Desert State Prison ("HDSP"), plaintiff's assigned physician ordered plaintiff an "accommodating custom wheelchair." (ECF No. 1 at 7.) Despite such order, from 2022 to 2025, plaintiff was denied the custom wheelchair that plaintiff needs because of his paraplegia in violation of the Eighth Amendment.[1] (Id. at 5-10.) As a result, plaintiff has suffered severe back/pain, muscle spasms, sleepless nights, the grave limitation of his ability to participate in daily living activities such as self-help groups, educational activities, recreation and work. (Id. at 9.) Such denial forced plaintiff to use an inferior, standard wheelchair, which he claims caused further long term spinal and nerve damage. (Id. at 10.) Plaintiff names the following defendants: defendants Robert ST'Andre, Warden; Gena Jones, Director of CDCR; Kathleen Allison, Secretary of CDCR; Rob Bonta, Attorney General; Kimberly Thornton, Chief Deputy Warden; Brian Wheeler, ADA-Associate Warden; Todd Murray, Chief Medical Officer; and Kevin Reuter, Chief Medical Executive. As relief, plaintiff seeks the issuance of the "Accommodating

---

[1] On [date], plaintiff's second and third claims were severed from this action, and plaintiff was ordered to proceed on his first claim, alleging a violation of his Eighth Amendment rights, in this action.

QUICKIE custom wheelchair," as well as money damages. (ECF No. 1 at 20.)

IV. DISCUSSION

A. Standards Governing Eighth Amendment Medical Claims

To state an Eighth Amendment claim that a prison official is deliberately indifferent to an inmate's serious medical needs in violation of the Eighth Amendment, the plaintiff must show that the prison official knew that a prisoner faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. Under the relevant Eighth Amendment standard, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844 ("A prison official's duty under the Eighth Amendment is to ensure reasonable safety") (internal quotation marks and citation omitted). To be deliberately indifferent in violation of the Eighth Amendment, a prison official must have a subjective "state of mind more blameworthy than negligence," akin to criminal recklessness. Id. at 835, 839-40.

Negligence allegations are insufficient. Deliberate indifference "requires more than ordinary lack of due care." Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting Farmer, 511 U.S. at 835). The indifference to the prisoner's medical needs must be substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise to the level of a constitutional violation. Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004) (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment violation).

B. Serious Medical Need

Plaintiff's paraplegia constitutes a serious medical need.

///

///

C. Deliberate Indifference

*1. Supervisory Defendants*

Plaintiff claims Rob Bonta, Attorney General, cannot claim "blind ignorance" or "lack of participation" when he is charged with supervising and ensuring his subordinates are complying with the constitution, and "indirectly permitted" defendants to deny plaintiff the "accommodating custom wheelchair." (ECF No. 1 at 5.) Plaintiff alleges that defendant Gena Jones, Director of CDCR, is personally in charge of all state "subordinates employed within the CDCR," and therefore "is both directly and indirectly a willing participant in the deliberate" denial of the custom wheelchair "while under her supervision." (ECF No. 1 at 5.) Although plaintiff uses the term "directly," he provides no facts demonstrating her personal involvement or knowledge of plaintiff's serious medical need. (Id.) Plaintiff alleges that defendant Kathleen Allison, Secretary of CDCR, is directly in charge of all state employed subordinates within CDCR, and thus is "both directly and indirectly a willing participant in the deliberate denial of the custom wheelchair. (ECF No. 1 at 6.) Plaintiff alleges defendant Kathleen Allison permitted the deprivation, but provides no facts showing her personal involvement or knowledge of plaintiff's serious medical need. (Id.)

Plaintiff cannot state cognizable civil rights claims against these defendants based solely on their supervisory roles. See Iqbal, 556 U.S. at 679. Rather, plaintiff must show that each defendant knew that he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable steps to abate it. See Jett, 439 F.3d at 1096. Plaintiff provides no facts showing that any of these three defendants were even aware of plaintiff's serious medical need. Plaintiff's claims against defendants Rob Bonta, Gena Jones and Kathleen Allison are dismissed.

*2. Defendant Kevin Reuter*

Plaintiff's claims against defendant Kevin Reuter, Chief Medical Executive, are contradictory and conclusory. First, plaintiff alleges that defendant Kevin Reuter "personally approved the procurement and ordering of plaintiff's accommodating custom wheelchair on August 12, 2022." (ECF No. 1 at 8.) About a year later, plaintiff filed a grievance inquiring about the status of his custom wheelchair, and defendant Kevin Reuter responded, stating plaintiff

would not be receiving the custom wheelchair but did not provide a reason why. (Id.) Plaintiff then concludes that defendant Kevin Reuter became a "willing and active participant" in the denial of the custom wheelchair for the entire 2022-2025 period. (Id.) But plaintiff provides no specific facts showing that this defendant was deliberately indifferent after having approved the custom wheelchair. Defendant Kevin Reuter's response to plaintiff's grievance was informational and does not show any intentional acts of interfering or hindering the provision of the custom wheelchair. Plaintiff's claims against defendant Kevin Reuter are dismissed with leave to amend.

*4. Remaining Defendants*

Plaintiff's claims against the remaining defendants, Robert ST'Andre, Warden, Kimberly Thornton, Chief Deputy Warden, Brian Wheeler, ADA-Associate Warden, and Todd Murray, Chief Medical Officer, are sufficient, for purposes of screening under § 1915, to state cognizable Eighth Amendment claims based on their roles in denying or hindering plaintiff's custom wheelchair.

V. PLAINTIFF'S OPTIONS

Plaintiff may proceed forthwith to serve defendants Robert ST'Andre, Kimberly Thornton, Brian Wheeler, and Todd Murray, and pursue his potentially cognizable Eighth Amendment claims against only those four defendants, or he may delay serving any defendant and attempt to state a cognizable claim against the remaining defendants. If plaintiff elects to proceed forthwith against defendants Robert ST'Andre, Kimberly Thornton, Brian Wheeler, and Todd Murray, against whom he stated potentially cognizable Eighth Amendment claims for relief, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of the Eighth Amendment claims against defendants Kevin Reuter, Rob Bonta, Kathleen Allison, and Gena Jones without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt again to state a cognizable claim against defendants Kevin Reuter, Rob Bonta, Kathleen Allison, and Gena Jones. If plaintiff elects to attempt to amend his complaint to state a cognizable claim against such defendants,

plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-

existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Claims against defendants Kevin Reuter, Rob Bonta, Kathleen Allison, and Gena Jones are dismissed with leave to amend. Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against such defendants. Plaintiff is not obligated to amend his complaint.

2. The allegations in the complaint are sufficient to state potentially cognizable Eighth Amendment claims against defendants Robert ST'Andre, Kimberly Thornton, Brian Wheeler, and Todd Murray based on their roles in denying or hindering plaintiff's custom wheelchair. See 28 U.S.C. § 1915A. If plaintiff chooses to proceed solely as to such claims, plaintiff shall so indicate on the attached form and return it to the Court within thirty days from the date of this order. In this event, the Court will construe plaintiff's election to proceed forthwith as consent to an order dismissing defendants Kevin Reuter, Rob Bonta, Kathleen Allison, and Gena Jones without prejudice.

3. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: August 14, 2026

Chi Soo Kim

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/hern1412.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDREW JESSE HERNANDEZ, SR.,

Plaintiff,

v.

ROBERT ST'ANDRE, et al.,

Defendants.

No. 2:25-cv-1412 CSK P

NOTICE OF ELECTION

Plaintiff elects to proceed as follows:

______ Plaintiff opts to proceed with his Eighth Amendment claims against defendants Robert ST'Andre, Kimberly Thornton, Brian Wheeler, and Todd Murray. Under this option, plaintiff consents to dismissal of the Eighth Amendment claims against defendants Kevin Reuter, Rob Bonta, Kathleen Allison, and Gena Jones, without prejudice.

**OR**

_____ Plaintiff opts to file an amended complaint and delay service of process.

DATED:

______________________________
Plaintiff